**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE AGUSTIN GUTIERREZ GARCIA,

Petitioner,

v.

WARDEN OF ADELANTO ICE PROCESSING CENTER, et al.,

Respondents.

No. 5:26-cv-05596-DSR

**ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING IMMEDIATE RELEASE**

On September 22, 2025, Petitioner Jose Agustin Gutierrez Garcia ("Petitioner"), a noncitizen presently detained in the custody of Immigration and Customs Enforcement ("ICE"), initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his ongoing detention as violative of his constitutional rights. See Doc. No. 1. The Petition names as Respondents the Warden of the Adelanto ICE Processing Center where Petitioner is presently detained, the Director of ICE, the Director of the Los Angeles Field Office of ICE, the Secretary of the Department of Homeland Security, and the Attorney General of the United States. Id. Petitioner seeks relief in the form of a Writ of Habeas Corpus ordering his immediate release from Respondent's custody an enjoining his re-detention absent notice and a pre-deprivation hearing before a neutral arbiter. Id. at ECF p. 7.

Concurrently with filing the Petition, Petitioner voluntarily consented under 28 U.S.C. § 636 to have a Magistrate Judge conduct all further proceedings in this

case, including trial and entry of judgment. See Doc. No. 2. On September 23, 2026, the Clerk of Court served the Petition on Respondents pursuant to General Order No. 26-05, along with a Notice of that General Order. See Doc. No. 4. The case became fully consented for Magistrate Judge final disposition three days later pursuant to the United States Attorney's Office's General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases. See General Order 26-05 at Ex. "A" (Doc. No. 5); see also Doc. No. 6.

In the Notice of General Order 26-05, the Court directed Respondents "to show cause why the writ of habeas corpus should not be granted," and set an expedited briefing schedule. See Doc. No. 4 at ECF pp. 1, 5. Under that briefing schedule, counsel for Respondents were required to file a Notice of Appearance no later than September 28, 2026, and Respondents were ordered to file their Answer to the Petition no later than September 30, 2026. Id.

Respondents did not file any such Answer (or Notice of Appearance), however, and have disregarded entirely the Court's directive that they "show cause why the writ of habeas corpus should not be granted." To ensure this was not an oversight by Respondents, the Court issued an Order on October 2, 2026, directing Respondents to show cause, in writing, no later than 5:00 p.m. on October 5th why they failed to comply with the Court's order within the Notice of General Order 26-05 and the requirements of 28 U.S.C. § 2243 (directing respondents to "show cause why the writ should not be granted" and to "certif[y] the true cause of detention."). See Doc. No. 7. Respondents were cautioned that "FAILURE TO RESPOND TO THIS ORDER WILL BE TREATED AS A CONCESSION THAT PETITONER IS ENTITLED TO THE RELIEF SOUGHT IN THE PETITION, INCLUDING IMMEDIATE RELEASE FROM IMMIGRATION CUSTODY AND AN INJUNCTION PROHIBITING HIS RE-DETENTION WITHOUT ADVANCED NOTICE AND A PRE-DEPRIVATION HEARING." Id. at p. 2. Despite the admonition of the Court, Respondents have not complied with the Court's show-cause order, nor filed an Answer to the Petition.

Local Rule 7-12 provides that "[t]he failure to file any required document … may be deemed consent to the granting or denial of the motion[.]" The Court deems Respondents' failure to file an Answer to the Petition in this case, despite having notice of their obligation to do so and an opportunity to comply, to be their consent to granting the relief sought in the Petition for Writ of Habeas Corpus.

The Court therefore finds that Petitioner is presently in custody of Respondents in violation of the Constitution or laws or treaties of the United States; thus, a Writ of Habeas Corpus should issue pursuant to 28 U.S.C. § 2241 compelling his immediate release.

IT IS THEREFORE ORDERED that:

(A) Respondents shall immediately release Petitioner **JOSÉ AGUSTIN GUTIERREZ GARCÍA (A No. 241-991-428)** from immigration custody subject only to any conditions of release in place prior to his March 10, 2026, re-detention.

(B) Respondents shall not re-detain Petitioner without first providing Petitioner with at least seven days written notice and a pre-deprivation hearing before a neutral arbiter to contest the basis for his re-detention.

(C) Respondents shall provide Petitioner with a copy of this Order at or near the time of release.

(D) Within two days of the date of this Order, Respondents shall file with the Court a status report confirming Petitioner's release and return of any personal property and documents

(E) The Court will issue Judgment consistent with this Order.

**IT IS SO ORDERED.**

DATED: October 6, 2026

HON. DANIEL S. ROBERTS
UNITED STATES MAGISTRATE JUDGE